## Jacob Leonard *vs.* Samuel B. Schenck

An owner of land, which was flowed by means of a mill dam, obtained a judgment, in 1828, on a verdict of a sheriff's jury that assessed his annual damages, and in 1839 he filed a complaint against the mill-owner, in which he alleged that the dam and the water had been raised higher than was allowed by said verdict, and prayed for a new assessment of his annual damages and also of gross damages : A sheriff's jury was thereupon empannelled, who found by their verdict that the dam had not been raised higher than was allowed by the former verdict ; but they assessed annual damages at a greater sum than was assessed by the former verdict, and also assessed gross damages. *Held,* that the verdict could not be sustained, because the complainant had not alleged that he was " dissatisfied with the annual compensation established " by the first jury.

THIS was a complaint, in which it was alleged that the complainant was seized and possessed of a tract of land in Foxborough ; that Elisha Sherman, on the 1st of October 1825, erected a dam across a stream which runs through said land, for the purpose of collecting and detaining water to drive certain mills upon and near said dam, and that Schenck, the respondent, assignee of said Sherman, had continued the dam for the same purpose, whereby said land had been overflowed, during all the time since said 1st of October, until the date of said complaint : That the complainant heretofore presented his complaint against said Sherman, for flowing said land, and that such proceedings were had on said complaint, that at the April term of the court of common pleas, in 1828, it was adjudged by said court, that the complainant should recover of said Sherman, besides damages before that time sustained by reason of the flowing of his said land by said Sherman, the sum of $10·50 for yearly damages thereafter, and that said Sherman, his heirs and assigns, should thereafter be allowed to keep up said dam, at the south floom, to a point 26 inches below the cap piece, and no higher : That

the respondent, assignee of said Sherman, for the purpose of carrying new machinery in said mills, had, for five years last past, raised said dam, and the water by said dam, at all seasons of the year, much higher than said point established by the court, as aforesaid ; whereby the complainant had suffered great damage. The complaint concluded with a prayer, that a jury might be empannelled to assess such damages as the complainant had suffered from the raising of said dam, and from the flowing of the water higher than the respondent was authorized to do by the judgment of the court aforesaid ; to decide what part of the year the said dam should be kept open ; and to make a new assessment of the complainant's annual damages ; and also to assess the gross damages to which he might be entitled for the perpetual right to flow his said land.

This complaint was entered in the court of common pleas, and the respondent made no objection to the prayer thereof. Whereupon a jury was ordered and a warrant issued to the sheriff, by whom a jury was duly, empannelled, who proceeded to view the premises and hear the evidence. " The respondent objected to the introduction of any evidence prior to the time stated in the complaint, because the verdict of the former jury had been acquiesced in, and there was no allegation in the complaint that the former damages were insufficient and ought to be increased ; but the complainant had grounded his complaint on other matter, viz. that the respondent had raised his dam to carry new machinery." This objection was overruled by the sheriff, and the evidence objected to was admitted.

After the complainant had closed his evidence, "the respondent objected to the jury's proceeding to ascertain the gross amount of damages, as prayed for, because the complaint does not allege that the complainant is dissatisfied with the damages assessed by the former jury, but has placed the ground of his complaint on other matter, viz. that the respondent has raised his dam and kept it higher than limited by a former jury, for the purpose of carrying new machinery, but has not alleged that said machinery was put in, or that it required a greater head of water to carry it." The respondent, for the same

Leonard *v.* Schenck.

reasons, " also objected to the jury's assessing the yearly dam ages, as the complainant has not brought himself within the provisions of the statute.".

These objections were overruled by the sheriff, and the jury proceeded to examine the whole matter, and to hear all the evidence offered under the ruling of the sheriff, and returned a verdict that the complainant was entitled to recover damages ; and they assessed the amount of damages sustained from the 9th of October 1839, to the institution of the complaint and down to the time of rendering the verdict, at $ 15·75 ; and that the sum of $ 21, to be paid annually to the complainant, would be a just and reasonable compensation for the damages that might be thereafter occasioned to the complainant by the respondent's dam, so long as the same should be used and maintained by the respondent at the height established by the former jury. The jury further found that the sum of $ 290, in gross, would be a just and reasonable compensation for all the damages occasioned by such use of said dam, and for the right of using and maintaining it for ever in manner aforesaid ; but that the respondent had not introduced new machinery into said mill, requiring a greater head of water, and had not raised his said dam, and the water by his said dam, higher than the point established by the former jury.

This verdict, on being returned into the court of common pleas, was set aside, and the complainant appealed to this court.

*Cleveland*, for the complainant.

*Richardson*, for the respondent.

WILDE, J. The material averment in the complaint on which the proceedings in this case are founded is, that the respondent " has raised his dam above the point fixed by the former jury, for the purpose of carrying new machinery." There s no express provision for a new complaint in such a case , out there is no doubt that it might be maintained under the 4th section of *c.* 116 of the Rev. Sts. as an original complaint founded on a new statement of facts, to which the assessment on the former complaint would be no bar. And so it was held in *Johnson* v. *Kittredge,* 17 Mass. 76. But the com-

plainant has failed to prove the gravamen on which his complaint is founded, which is negatived by the verdict ; the jury having found that the respondent has not raised his dam, and the water by his said dam, higher than the point established by the former jury. Thus the material issue has been found for the respondent.

But the counsel for the complainant contends that the complaint may be maintained under § 33 of *c*. 116 of the Rev. Sts. which provides for a new complaint, and a new assessment of damages, when either party shall be dissatisfied with the annual compensation established by a former jury. But there is no averment in the complaint which can bring the case within that section. It is not alleged that the complainant is dissatisfied with the former compensation allowed. And we hold that such an allegation, or some one equivalent, is essential to the maintenance of a complaint on the 33d section ; especially, when the complaint is well founded, as this is, on another section of the statute. The *allegata* and *probata* must agree. The complainant cannot found his complaint on one section of the statute and have his damages assessed under another. And so it was decided in *Vandusen* v. *Comstock*, 9 Mass. 203, which is a decision directly in point.

*Judgment of the court of common pleas affirmed*